IN THE

# United States District Court for the District of Maine

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | Case#: |
|    *Plaintiff*, | ) | |
| | ) | Hon. |
| v. | ) | Judge Presiding |
| | ) | Hon. |
| STATE OF MAINE | ) | Magistrate Judge |
| VOCATIONAL REHABILITATION, | ) | |
|    *Defendant.* | ) | |
| | ) | JURY TRIAL NOT DEMANDED |

## NOTICE OF LIS PENDENS

COMES NOW, *pro se Plaintiff* ANDREW U. D. STRAW (hereinafter "Plaintiff"), individually, hereby depose that I have a complaint about "deliberate indifference" to the U.S. Department of Justice Civil Rights Division involving Indiana Supreme Court failures to communicate for nearly 8 years, and provide a copy of that complaint and the suspension docket in Indiana to prove the length of time I was ignored over a $500 paywall the state erected:

### OTHER COMPLAINT OF ADA TITLE II DELIBERATE INDIFFERENCE

1. This Complaint alleges a federal cause of action and is brought solely pursuant to 42 U.S.C. § 12132 for discrimination by a State of Maine agency, and the ADA Title II regulations promulgated by U.S. Department of Justice.

2. The principal ADA Title II issue in my COMPLAINT here, **Dkt. 1**, is that the Vocational Rehabilitation agency of the State of Maine did not respond to my many emails asking for services over the past 7 months since December 2024.

1

3. I have a similar issue with the Indiana Supreme Court, which has erected a $500 clerk fee paywall before it will hear my ADA petitions and complaints in my law license suspension case.

4. I worked for that Court and a reckless driver broke both my legs and pelvis and nose as I transported another Supreme Court colleague to the Court one morning in 2001. My passenger was my Supreme Court colleague. After this, and after revealing I have Camp LeJeune mental illnesses as part of my bar application form, the Indiana Supreme Court granted me a law license and a few weeks later, fired me, saying I wasn't a good employee.

5. I alleged discrimination in 2014, listing a long series of acts over 10 years that I claimed were discrimination. The Clerk of the Indiana Supreme Court refused to file it and referred it to the Court ADA coordinator, who immediately attacked me and my mental disability with a disciplinary complaint. She attacked the ADA complaint and my repeated efforts to get justice from that former employer of mine and called my disability rights cases in federal court nonsense, attacking them and me personally. She retaliated in the most obvious manner, but the courts in the Midwest glossed over everything and refused me justice.

6. Today, with my law license still suspended after **8 years and 5 months**, I said to U.S. DOJ's Civil Rights Division that not communicating with me for nearly 8 years and refusing any response to my many petitions and motions and attempts to get justice is "deliberate indifference."

7. This is the same issue as in this case and that is why I inform this Court about this complaint that another state is being deliberately indifferent in violation of my ADA Title II rights because *deliberate indifference*—not communicating for nearly 8 years—strips me of all ability to have services and rights protected by that former employer of mine. Deliberate indifference is intentional disability discrimination.

8. The defendant here isn't as bad as Indiana.

9. The failure to communicate only lasted **7 months** here.

10. The failure in Indiana lasted **8 years** next month.

11. The matters are related because the services I wanted from Maine VR included paying that $500 Indiana Supreme Court paywall and getting my law license unsuspended so I can be a lawyer in the First Circuit U.S. Court of Appeals like I have been at the Fourth Circuit from 1999-2025. I wanted help getting me ready to create a disability rights law firm with supports around me rather than operating alone, as a solo practitioner, without help or supports for my disabilities.

12. So, Indiana's suspension is right at the heart of this case.

13. The VR agency in Maine did not force me to **pay $500** to get the attention of its agency. If they did that, it would approximate the level of injustice and ADA violation that Indiana has engaged in. After failing to top up the $400,000 in bone injuries *serving that state court* after my salary for 2 years was less than 1/4th of that, Indiana should **NEVER** make me pay anything to use its courts.

14. Indiana Supreme Court imposed that paywall even after my 180 days of suspension was over and I paid the IADC costs of $419,40 in 2021. **Exhibit 2**, accounting at bottom.

15. No state can simply erect a $500 paywall and refuse to interact with a disabled person, a *disabled former employee* who was disabled driving to that Court to work, where I served over 400 state courts and the Chief Justice.

16. This Court needs to grant me ADA Title II communications justice so the principle of **needing to communicate promptly with disabled people who seek services** is established *outside* of the 7th Circuit, which has shown me such disdain and bias that it has banned me from making any filing in federal court in its circuit because I complained about that Court **HIRING my Indiana appellee**, the Indiana hearing officer, James R. Ahler, as a federal judge in the bankruptcy court for the Northern District of Indiana. The 7th Circuit did that on Magna Carta day, 6/15/2017, with *my appeal still open* and then <u>invented nonsense law</u> to deny me justice against the Indiana Supreme Court and Ahler, both of them. Nonsense like saying a suspension that happened with a U.S. District Court case open to stop it was **"res judicata"** that the circuit court would not review.

17. Absolute nonsense that no court should countenance as a judicial act, but as official misuse of the powers of that federal circuit. Hiring Ahler was a tort, at a minimum, if not a crime. I made an FTCA claim to the Administrative Office of U.S. Courts also, with that 7th Circuit filing ban still in place in 2025.

18. I attach the FTCA claim as **Exhibit 3**.

19. I explained the illegal hiring and ethical violations and Due Process failures to the U.S. Supreme Court but was ignored there too. See my petition in docket 17-8005:

    https://www.supremecourt.gov/DocketPDF/17/17-8005/37965/20180307105844473_00000007.pdf

20. Indiana had no defense and did not challenge the facts I placed in that petition, choosing to waive response.

21. https://www.supremecourt.gov/DocketPDF/17/17-8005/42075/20180403125725368_SCOUT%20Waiver%2017-8005.pdf

22. So, I have a national outrage in the state and federal courts with ONLY my version acceptable anywhere as the truth because what I said was under oath. What I said was true. Indiana was not so brazen to place lies in a Supreme Court docket, so it remained silent and let my true words be the only words filed.

23. That entangled and unethical system in the Midwest is incapable of providing justice to me and I hope this Court will state clearly that ==failure to communicate is "deliberate indifference"== and having that happen for 7 months or 8 years, it is not allowed under the ADA, Title II.

24. Disabled people are often ignored and their services denied because people won't listen and won't apply the law. That needs to stop.

25. The ADA is 35 years old this year and this Court can celebrate that law by saying disabled people being ignored for **many months** or years is deliberate indifference *per se*. All services that could possibly be supplied to a disabled person are denied when no communication happens.

26. For instance:

    "A public entity must take appropriate steps to ensure that communications with applicants, participants… are as effective as communications with others." (28 CFR § 35.160)

27. And:

28. *Green v. City of New York*, 465 F.3d 65, 84 (2d Cir. 2006):

    "Prolonged, repeated, unjustified **failures to respond**… particularly over many **months** or years, support an inference of **deliberate indifference**."

29. And:

30. *Prakel v. Indiana*, 100 F. Supp. 3d 661 (S.D. Ind. 2015):

    Refusal to respond to repeated interpreter requests over years justified inference that **'all communication-based services' were being denied**.

31. And:

32. DOJ Letter of Findings, Georgia VR, May 2022 (plaintiffs denied any opportunity to receive services due to **total lack of communication for months**):

    https://archive.ada.gov/olmstead/olmstead_cases_list2.htm#georgia

33. *Lane v. Kitzhaber*, 3:12-cv-00138-ST (D. Ore.): long-term institutionalization and lack of community services when **communication and engagement never occurred**.

34. **Exhibit 1** is my DOJ complaint.

35. **Exhibit 2** is the docket from that Indiana suspension case, showing how disability rights demands were just ignored totally for nearly 8 years by a state supreme court. *Dkt. 23-2* of *Straw v. Facebook*, 3:24-cv-8625-PHK (N.D. Cal.)

36. **Exhibit 3** is a copy of my FTCA claim to the Administrative Office of U.S. Courts.

WHEREFORE, I so depose and say nought further.

I, Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: July 16, 2025.

Respectfully,

*/s/ Andrew A. D. Straw/*

s/ ANDREW U. D. STRAW
9169 W. State ST, STE 690
Garden City, ID 83714-1733
Mobile Phone: (847) 807-5237
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on July 16, 2025, I sent this **NOTICE and 3 EXHIBITS** via email to the Clerk of Court. Counsel for Defendant is the Attorney General of Maine, Aaron Frey. The email sent to the Clerk of Court is copied to the Attorney General's email address since that officer has not yet agreed to waive service and I am waiting for response: attorney.general@maine.gov

Respectfully submitted,

s/ ANDREW U. D. STRAW
*Pro Se Plaintiff*
9169 W. State ST, STE 690
Garden City, ID 83714-1733
Mobile Phone: (847) 807-5237
andrew@andrewstraw.com


EXHIBIT LIST

> Exhibit 1: U.S. DOJ COMPLAINT RE "DELIBERATE INDIFFERENCE" BY INDIANA SUPREME COURT FOR NEARLY 8 YEARS OF REFUSAL TO COMMUNICATE AND DEAL WITH DISABILITY ISSUES OF ITS FORMER EMPLOYEE, MYSELF

> Exhibit 2: DOCKET OF INDIANA SUPREME COURT SUSPENSION CASE OF MYSELF, Dkt. 23-2 of *Straw v. Facebook*, 3:24-cv-8625-PHK (N.D. Cal.)

> Exhibit 3: FTCA CLAIM TO ADMINISTRATIVE OFFICE OF U.S. COURTS