UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW U. D. STRAW, | ) |
|       Plaintiff | ) ) ) |
| v. | )   No. 2:25-cv-00350-JAW ) |
| STATE OF MAINE VOCATIONAL REHABILITATION, | ) ) ) ) |
|       Defendant | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Andrew U. D. Straw's application to proceed *in forma pauperis*, *see* ECF No. 5, his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Straw alleges that he has schizophrenia and that, although he was eligible for services, the Maine Department of Labor Division of Vocational Rehabilitation (the Division) effectively denied his request to pay the reinstatement fee for an out of state law license in violation of Title II of the Americans with Disabilities Act (ADA).[1]  Complaint ¶¶ 1, 5, 19, 21-22, 29-30, 40, 42, 51-53. Straw further alleges that the Division's delay in communicating with him after he requested the reinstatement fee constitutes deliberate indifference in violation of the same statute. *Id.* ¶ 53. To remedy these alleged wrongs, Straw seeks $100,000 in

---

[1] Straw's complaint refers to the MDOL Division of Vocational Rehabilitation as State of Maine Vocational Rehabilitation. *See generally* ECF No. 1.

1

compensatory damages and injunctive relief to prevent further injury and retaliation. *Id.* ¶¶ 1, 75, 77.

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state an actionable claim under this statute, a plaintiff must plausibly allege

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Parker v. Universidad de P.R.*, 225 F.3d 1, 5 (1st Cir. 2000). Straw's allegations are insufficient for a couple of reasons. First, he never alleges that paying the reinstatement fee for his out of state law license is a service that the Division offers. Second, even if the Division did offer such a service, Straw failed to draw any connection between the effective denial of the licensing fee and his schizophrenia. *See Parker*, 225 F.3d at 5 (requiring that the "denial of benefits . . . *was by reason of the plaintiff's disability*." (emphasis added)).

Finally, regarding Straw's deliberate indifference claim, it is still an open question in the First Circuit whether such a claim can support money damages under 42 U.S.C. § 12132. *See Gray v. Cummings*, 917 F.3d 1, 17 (1st Cir. 2019) ("[S]ome uncertainty exists as to whether deliberate indifference is the functional equivalent of intentional discrimination." (cleaned up)). Historically, "under Title II, non-

economic damages are only available when there is evidence of economic harm or animus toward the disabled." *Carmona-Rivera v. Puerto Rico*, 464 F.3d 14, 17 (1st Cir. 2006) (quoting *Nieves-Márquez v. Puerto Rico*, 353 F.3d 108, 126-27 (1st Cir. 2003)). Nevertheless, even if it is a viable cause of action for damages or injunctive relief, Straw still failed to allege sufficient facts to state a claim. *See Gray v. Cummings*, 917 F.3d 1, 17 (1st Cir. 2019).

Establishing deliberate indifference requires "(1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood." *Id.* (cleaned up). Together, these elements require a "choice, rather than negligence or bureaucratic inaction." *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263 (3d Cir. 2013) (cleaned up); *see also Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 276 (2d Cir. 2009) (same in the context of the Rehabilitation Act). Here, Straw alleges that after months of communication, the Division stopped communicating with him after he requested to change his vocational rehabilitation plan. Complaint ¶ 53. And that the Division "failed to act" to help him obtain services which "disregarded [his] ADA rights." Complaint ¶ 57. Alone, a "fail[ure] to act" is an omission—i.e., bureaucratic inaction—and, without knowledge of a probable violation of a federally protected right, it does not establish an actionable claim. *See S.H. ex rel. Durrell*, 729 F.3d at 263.

Moreover, the Division does not have a general duty to maintain communication regarding services that it does not offer. *See* 28 C.F.R. § 35.149 (saying that no qualified individual with a disability can be excluded from services

3

*that are offered* by reason of their disability (emphasis added)). Instead, the Division has an obligation to ensure that a qualified person with a disability is not denied a program due to "architectural, communication, or transportation barriers." *Toledo v. Sanchez*, 454 F.3d 24, 39 (1st Cir. 2006). Straw has not alleged that he was.

Thus, because Straw failed to allege that he was denied services by reason of his disability or that the Division even offers the relevant services, and that the Division's silence was anything more than agency inaction, the complaint is legally insufficient and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

I also recommend that the Court warn Straw that filing restrictions may soon be imposed, given his status as a serial litigator. *See Straw v. U.S. Dep't of Just.*, No. 2:25-cv-00379-JAW, 2025 WL 2721116, at *1 (D. Me. Sept. 25, 2025) (noting that Straw "is a serial litigator" and warning him "that filing restrictions may be in the offing if he continues to file frivolous actions in this Court" (cleaned up)); *Straw v. Avvo Inc.*, No. 2:25-cv-00391-JAW, 2025 WL 2272164, at *7 (D. Me. Aug. 7, 2025) (same), appeal docketed, No. 25-1761 (1st Cir. Aug. 8, 2025).

Finally, given the lack of facts supporting Straw's claims, I recommend the Court certify that any appeal from its order dismissing this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after the notice of appeal is

filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

For these reasons, I recommend that the Court **DISMISS** Straw's complaint, **MOOT** any other pending motions, **WARN** him that filing restrictions are in the offing, and **CERTIFY** that any appeal from the order of dismissal would not be taken in good faith.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: October 24, 2025

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge

5